UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NIHAL ERKAN, on behalf of herself and all
Others similarly situated,　　　　　　　　　　　　Docket No. 23-cv-09553

　　　　　　　　Plaintiffs,

　　-against-　　　　　　　　　　　　　　　　　**AFFIDAVIT IN SUPPORT**

DAVID A. HIDALGO, M.D., P.C.,

　　　　　　　　Defendant.
------------------------------------------------------------X

STATE OF NEW YORK　　)
　　　　　　　　　　　　) ss.:
COUNTY OF NEW YORK　)

　　DAVID A. HIDALGO, being duly sworn, deposes and states:

BACKGROUND

1. I am the sole shareholder of Defendant David A. Hidalgo, M.D., P.C., which has been incorporated since August 2000.

2. The corporation operates an aesthetic plastic surgery practice located at 655 Park Avenue, New York, New York.

3. I have been licensed to practice medicine in New York State since June 1980, and am certified by the American Board of Plastic Surgery. I am also a member of the American Society of Plastic Surgeons and the American Society for Aesthetic Plastic Surgery, and serve as a clinical professor of Surgery at Weill Cornell Medical College (New York-Presbyterian Hospital. David A. Hidalgo, M.D., P.C. operates a website, www.drdavidhidalgo.com. This website is for informational purposes only – there are no goods or

services sold on or performed through this website. It is not an on-line retail company.

4. Defendant David A. Hidalgo, M.D., P.C. retained Advice Media in approximately October 2013 to design, develop and maintain its website, and has used that website company continuously since that time. The ongoing services provided by Advice Media to David A. Hidalgo, M.D., P.C. include, but are not necessarily limited to, web design, development, hosting, and maintenance.

DEFENDANT'S ACTIONS AFTER RECEIVING THE COMPLAINT

5. Upon receiving the Complaint in the instant action, I immediately contacted Advice Media, provided them with a copy of the Complaint, and requested that they investigate the Plaintiff's allegations vis-à-vis the accessibility of my medical practice's website.

6. The steps that Advice Media took to audit the medical practice's website and remediate any accessibility issues are set forth in the accompanying Affidavit of Brandon Shaw, who is the Director of Product Development at Advice Media.

7. As is set forth in Mr. Shaw's Affidavit, www.drdavidhidalgo.com, was substantially in compliance with WCAG 2.1, and thus the ADA, prior to Plaintiff's first visit to that website on November 9, 2023.

8. However, as a result of their review and audit of the site upon the receipt of Plaintiff's Complaint, Advice Media made the website even more accessible and even easier to navigate for the visually-impaired and blind.

9. Finally, Mr. Shaw affirms that Advice Media will scan and evaluate the website monthly as part of a routine maintenance plan, and that any identified improvement opportunities will be implemented on that schedule.

PLAINTIFF'S LAWSUIT

10. My legal counsel has shared with me that Plaintiff (and her lawyer) are serial litigants who simply cut and paste their allegations from one lawsuit to the next, without much investigation into the actual business practices of the entities they recklessly choose to sue.

PLAINTIFF MADE NO OTHER EFFORTS TO CONTACT DEFENDANT

11. In her Original Complaint, Plaintiff stated that she was interested in a "variety of facial plastic surgery services" offered by the "clinic", specifically a "facelift", and would like to visit one of the Defendant's physical locations. Complaint, ¶10.

12. In her Amended Complaint, Plaintiff modified that slightly, stating that she is a forty-two year-old woman who has suffered from severe aging and loose facial skin in recent years, and that she wanted to make a consultation appointment with a facial plastic surgery [sic] in hopes of getting a facelift procedure. First Amended Complaint, ¶10.

13. However, this Court should be aware that David A. Hidalgo, M.D., P.C. would not perform a facelift on a forty-two year-old woman under any circumstances, as that is too young.

14. Another revision from the Plaintiff's original Complaint to her First Amended Complaint is her assertion that she was prevented from reaching

3

my medical practice's telephone line, and that she couldn't "find information about the Defendant's phone number". First Amended Complaint, ¶¶10, 35.

15. This is absolutely false. Even if Plaintiff could not access my medical practice's telephone number on its website (which I contend is untrue), there are a plethora of other websites that do contain the phone number. This includes, but is not limited to, Google, Instagram, Yelp and Castle Connolly Top Doctors. The first page of these websites are annexed collectively hereto as Exhibit "A".

16. It appears that Plaintiff made no other effort to reach David A. Hidalgo, M.D., P.C. Specifically, we have no record of Plaintiff ever contacting the office, either to obtain information regarding our services or to raise any questions regarding the accessibility of the medical practice's website.

17. If Plaintiff had contacted my office to obtain information regarding our services, we would have done everything we could to give her the same excellent patient service that we provide to every potential patient of the medical practice. All of her questions would have been answered, and we would have certainly invited her to the office for an in-person consultation, which of course is a prerequisite to any surgical procedure.

18. If she had contacted the office to raise concerns regarding the accessibility of our website, we would have immediately contacted Advice Media and asked them to review those concerns and take any necessary action to make sure our website was accessible to all persons, regardless of disability. If necessary, I would have asked Advice Media to contact Plaintiff directly, to

4

better understand what barriers she felt were denying her full accessibility to the information on the website. It is, after all, in my medical practice's best interests to make sure its website is accessible to all potential patients.

### DEFENDANT'S ONGOING COMPLIANCE WITH THE AMERICANS WITH DISABILITIES ACT (ADA)

19. Defendant has no intention of undoing the improvements made to the medical practice's website by Advice Media. Rather, Defendant will remain vigilant in keeping its website up-to-date and compliant with all applicable ADA standards.

20. Indeed, David A. Hidalgo, M.D., P.C. is committed to providing access to its website to all members of the public, including sight impaired and blind individuals. Based on the feedback we have received from Advice Media after they performed their audit, I believe that my medical practice succeeds in that commitment.

21. For the reasons set forth herein, as well as the other papers filed with the Court in support of the Defendant's Motion to Dismiss, I respectfully request that this Court grant Defendants' motion to dismiss the First Amended Complaint in its entirety.

_____
DAVID A. HIDALGO, M.D.

Sworn to before me this 11th day of JULY, 2024.

_____
NOTARY PUBLIC

[Notary Seal: CHRISTOPHER NUA ELEZAJ, STATE OF NEW YORK, NOTARY PUBLIC, Qualified in New York County, 01EL6381952, MY COMMISSION EXPIRES 10/15/2026]