UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
NIHAL ERKAN, on behalf of herself and all
Others similarly situated,                           Docket No. 23-cv-09553

                         Plaintiffs,

     -against-

DAVID A. HIDALGO, M.D., P.C.,

                         Defendant.
---------------------------------------------------------------X


## REPLY MEMORANDUM OF LAW IN SUPPORT
## OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT


FEATHER LAW FIRM, P.C.
Attorneys for Defendant
666 Old Country Road, Suite 509
Garden City, New York 11530


David S. Feather
*On the Brief*

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES.................................................................. ii

POINT I:

    PLAINTIFF'S CLAIMS ARE MOOT..............................................1

POINT II:

    PLAINTIFF DOES NOT HAVE STANDING TO BRING THIS
    LAWSUIT.......................................................................................3

    A. Contrary to Plaintiff's Assertion, the injury standard necessary
       to establish standing has not been lowered...................................3

    B. Plaintiff has failed to allege a concrete and particularized
       injury, and has further failed to plead a non-conclusory intent
       to return to the Defendant's website...........................................5

POINT III:

    ALTERNATIVELY, IF THIS COURT DOES NOT DISMISS
    THE PLAINTIFF'S COMPLAINT IN ITS ENTIRETY, IT
    SHOULD ALLOW DISCOVERY ON THE STANDING ISSUE
    AND, IF NECESSARY, HOLD AN EVIDENTIARY HEARING................8

CONCLUSION...................................................................................... 9

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Calcano v Swarovski N. Am. Ltd.*
 36 F.4th 68 (2d Cir 2022).................................................................. 4,5,6

*Cruz v Wide Open Arts, LLC*
 2023 US Dist LEXIS 141921 [EDNY Aug. 14, 2023, No. 23 CV 103
 (HG)(RML)]............................................................................... 4, 5

*Cruz v Wide Open Arts, LLC*
 2023 US Dist LEXIS 173357 [EDNY Sep. 26, 2023, No. 23 CV 103
 (HG)(RML)]............................................................................... 4

*Dawkins v Schott NYC Corp.*
 2023 US Dist LEXIS 171967 [EDNY Sep. 26, 2023, No. 22-CV-3617 (PKC)
 (TAM)]..................................................................................... 8

*Emilee Carpenter, LLC v James*
 107 F.4th 92 (2d Cir 2024)................................................................ 4

*Fontanez v Val. Lahvosh Baking Co.*
 2023 US Dist LEXIS 149437 [SDNY Aug. 22, 2023, No. 1:22-cv-5537
 (MKV)]..................................................................................... 8

*Maddy v Life Time, Inc.*
 2023 US Dist LEXIS 115503 [SDNY July 5, 2023, No. 22-cv-5007
 (LJL)]....................................................................................... 9

*Martin v, City Hive Inc.*
 23-cv-04933 (July 19, 2024).............................................................. 9

*Mercedes v Broadway Play Publ., Inc.*
 2024 US Dist LEXIS 94508 [SDNY May 28, 2024, No. 23-CV-9519
 (JMF)]...................................................................................... 9

*Reiss v Societe Centrale Du Groupe Des Assurs. Nationales*
 246 F Supp 2d 273 [SDNY 2003]), as amended (Feb. 25, 2003),
 supplemented by *Reiss v Societe Centrale Du Groupe Des Assurs.*
 *Nationales*, 246 F Supp 2d 285 [SDNY 2003]...................................... 8, 9

*Rendon v Berry Global Inc.,*
 2023 US Dist LEXIS 93809 [SDNY May 30, 2023, No. 22 Civ 10420
 (CM)]....................................................................................... 6

*Suris v. Crutchfield New Meda, LLC*
    2023 U.S. Dist. Lexis 96603 (E.D.N.Y.)............................................................. 1

*Susan B. Anthony List v Driehaus*
    573 US 149 (2014)........................................................................................ 3

*Tavarez v Moo Organic Chocolates, LLC*
    641 F Supp 3d 76 (SDNY 2022)...................................................................... 9

*Toro v Gen. Store, LLC*
    2023 US Dist LEXIS 124787 [SDNY July 19, 2023, No. 1:22-cv-6130
    (MKV)]..................................................................................................... 7, 8

*TransUnion LLC v. Ramirez*
    141 S. Ct. 2190, 2203, 210 L. Ed. 2d 568 (2021)............................................... 3, 5

*Velazquez v. Everlast Worldwide, Inc.*
    2022 U.S. Dist. LEXIS 202697, 2022 WL 16745767, at *1 (S.D.N.Y. Nov.
    7, 2022).................................................................................................... 6

*Zappia Middle E. Construction Co. v. Emirate of Abu Dhabi*
    214 F.3d 247, 253 (3d Cir. 2000)..................................................................... 8

*303 Creative LLC v Elenis*
    600 US 570 (2023)........................................................................................ 3, 4, 5

**STATUTES AND OTHER AUTHORITIES**

Rule 12(b)(1)..................................................................................................... 3, 8

# POINT I

# PLAINTIFF'S CLAIMS ARE MOOT

For a federal court to have subject matter jurisdiction, "an actual controversy must be extant at all states of [its] review", and, "if an intervening circumstance deprived the plaintiff of a personal stake in the outcome of the lawsuit, at any point in the litigation, then the action…must be dismissed as moot". *Suris v. Crutchfield New Meda, LLC, 2023 U.S. Dist. Lexis 96603 (E.D.N.Y.)*.

Defendant asserts that Plaintiff's claims must be dismissed pursuant to FCRP 12(b)(1) because they are moot. That is because the website at issue herein, www.drdavidhidalgo.com, was in compliance with WCAG 2.1, and thus the ADA, prior to Plaintiff's first visit to that site on November 9, 2023. In addition, after receiving the original Complaint in this matter, the company that Defendant utilizes for its website design, development and management, Advice Media, improved the website in order to make it even easier to navigate for the visually-impaired and blind. Advice Media also actively manages the Defendant's website on an ongoing basis, which includes monitoring its accessibility to the visually-impaired and blind. Finally, Defendant also utilizes AccessiBe, which is a computer application developed and marketed by a firm called Accessible, to assist it in making its website ADA compliant.

In its opposition to this argument, Plaintiff submitted a Declaration/Report from a Robert D. Moody. In this Declaration, Mr. Moody states that he examined the Defendant's website, and found that the issues identified by Plaintiff, or similar issues, exist with the website. However, for a number of reasons, Mr. Moody's Declaration should not be given credence by this Court.

First, it is not even clear that Mr. Moody audited the correct website. He refers to Plaintiff as a "he", when Plaintiff is, in actuality, female. *See* Moody Declaration, Paragraph "3". He further states that he was retained by Plaintiff's counsel on behalf of Plaintiff to determine

1

whether the website of **3 Times 90, Inc**. had issues that could not be overcome and acted as barriers to Plaintiff's use of the website. However, the Defendant herein is David A. Hidalgo, M.D., P.C., <u>not</u> 3 Times 90, Inc. Thus, it is unclear as to whether Mr. Moody was even auditing the correct website.

Perhaps more importantly, however, and for the reasons set forth in the Reply Affidavit in Support of Brandon Shaw, who is Advice Media's Director of Product Development, Mr. Moody's Declaration has no probative value. Mr. Moody states in his Declaration that he used tools provided by a website, Deque.com, as part of his audit. Moody Declaration ¶20. However, according to Mr. Shaw, unlike a human website visitor, the scan tool that Mr. Moody used makes a direct computer-to-computer connection to the website server, thus bypassing the AccessiBe service that the Defendant's website utilizes, and excluding the additional accessibility enhancements that that service provides. Shaw Affidavit ¶7. Scan tools such as that used by Mr. Moody are unable to determine accessibility compliance on websites on which AccessiBe is installed, due to the fact that they test a server's output, rather than an actual browsing session in which AccessiBe is turned on and a user profile is elected. Shaw Affidavit ¶8. Thus, the tool ignores any changes made to a website at the browser level (which is what AccessiBe does) and tests the website as if AccessiBe is not there. Shaw Affidavit ¶8. These tools cannot recognize these browser/client side remediations because they are not browsers and do not use a browser. Shaw Affidavit ¶8.

Thus, Mr. Moody's report misrepresents what a real-world user would experience, because it circumvents the crucial layer of accessibility support offered by AccessiBe. For those reasons, the "test" run by Mr. Moody is, in a word, useless.

# POINT II

# PLAINTIFF DOES NOT HAVE STANDING TO BRING THIS LAWSUIT

### A. Contrary to Plaintiff's Assertion, the injury standard necessary to establish standing has not been lowered.

A case is properly dismissed for lack of subject matter jurisdiction under *Rule 12(b)(1)* when the district court lacks the statutory or constitutional power to adjudicate it. "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2203, 210 L. Ed. 2d 568 (2021)*.

Plaintiff argues that the United States Supreme Court, in *303 Creative LLC v Elenis, 600 US 570 [2023]* has lowered the bar for a plaintiff to establish standing, from the above-referenced standard of an actual or imminent injury-in-fact, to whether a plaintiff has plausibly alleged a "credible threat of discrimination in the future" For the following reasons, the Plaintiff is incorrect.

*303 Creative* was a pre-enforcement action filed by a website and graphic design services company against members of the Colorado Civil Rights Commission and the Colorado Attorney General, seeking to enjoin the defendants from forcing the company, through enforcement of the Colorado Anti-Discrimination Act, to convey messages on its wedding website which were inconsistent with the company's owner's religious beliefs. In deciding this case, the Supreme Court applied the standard that it had previously articulated when threatened government action is being challenged. *See, e.g., Susan B. Anthony List v Driehaus, 573 US 149 [2014])*.[1] The

---

[1] In *Susan B. Anthony List v. Driehaus*, the Supreme Court explained that "[o]ne recurring issue in our cases is determining *when the threatened enforcement of a law creates an Article III injury*. When an individual is subject to such a threat, an actual arrest, prosecution, or other enforcement action is not a prerequisite to challenging the law

3

Supreme Court did not, in any way, shape, or form, lower the bar for an ADA plaintiff to establish standing in a case filed under Title III of the ADA. That standard, which was reiterated and applied by the Second Circuit in <u>Calcano v Swarovski N. Am. Ltd.</u>, 36 F.4th 68 [2d Cir 2022]), has not changed.

Plaintiff also relies on <u>Emilee Carpenter, LLC v James, 107 F.4th 92 [2d Cir 2024]</u>, as well as <u>Cruz v Wide Open Arts, LLC, 2023 US Dist LEXIS 141921 [EDNY Aug. 14, 2023, No. 23 CV 103 (HG)(RML)]</u>, adopted by <u>Cruz v Wide Open Arts, LLC, 2023 US Dist LEXIS 173357 [EDNY Sep. 26, 2023, No. 23 CV 103 (HG)(RML)]</u> for the proposition that the Supreme Court "lower[ed] the bar for a plaintiff to establish standing." However, the standard cited and applied in *Emilee Carpenter* is completely irrelevant to this case. In that case, plaintiff brought a pre-enforcement challenge against New York's public accommodations laws on grounds that they were unconstitutional under the First and Fourteenth Amendments as applied to her business. Thus, that case, like *303 Creative*, dealt with **threatened action by the government**, and therefore is inapplicable to the case at bar.

Finally, the Magistrate Judge in *Wide Open Arts*, in deciding an unopposed motion for default judgment, mistakenly applied the *303 Creative* standard to an ADA website accessibility case. In particular, the court included a footnote stating:

> It bears noting that the 'credible threat' standard recently articulated by the Supreme Court in *303 Creative v. Elenis* appears to lower the bar for a plaintiff to establish standing . . .[t]he previous standard was whether, 'examined under the 'totality of all relevant facts,' the plaintiff plausibly

---

. . . [i]nstead, we have permitted pre-enforcement review under circumstances that render the threatened enforcement sufficiently imminent. ***Specifically, we have held that a plaintiff satisfies the injury-in-fact requirement where he alleges 'an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder."*** 573 U.S. 149, 158–59 (emphasis added) (internal citations omitted).

> alleged 'a real and immediate threat of future injury.' [citing *Calcano*] . . .
> *303 Creative* changes the inquiry to whether a plaintiff faces a credible
> threat of discrimination in the future, rather than requiring a real and
> immediate threat of future injury.

*Wide Open Arts, LLC*, 2023 U.S. Dist. LEXIS 141921, at *4 n.2.

A review of *303 Creative* demonstrates that the court's statement of the law in *Wide Open Arts* was, with all due respect, plainly incorrect. Nothing in the decision in *303 Creative* implies or suggests that the standard set forth therein for purposes of standing should be applied to cases other than those which include government action which could arguably affect a constitutional interest. Plaintiff's counsel has simply repeated a clearly erroneous holding from a Magistrate Judge who did not have the benefit of opposition papers to guide his understanding of the standard applied to establish standing in a Title III ADA case.

For the reasons set forth herein, the standard for establishing standing which was set forth in *Transunion* and reiterated in *Calcano* still applies to this matter.

### B. **Plaintiff has failed to allege a concrete and particularized injury, and has further failed to plead a non-conclusory intent to return to the Defendant's website.**

In the ADA context, "a plaintiff seeking injunctive relief has suffered an injury in fact when: (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer . . . that plaintiff intended to return to the subject location." *Calcano, supra*. For a number of reasons, it is implausible that Plaintiff has suffered an injury-in-fact as a result any alleged barriers she encountered while allegedly attempting to use the Defendant's website.

As set forth in the Defendant's papers-in-chief in support of this motion, this is one of fifty-one (51) identical lawsuits filed by Plaintiff in an eight-and-a-half (8 ½) month period. While Plaintiff argues that this Court should disregard her litigious nature, many courts have rightfully looked to a plaintiff's filing of other similar complaints in evaluating

5

standing. *See Velazquez v. Everlast Worldwide, Inc., 2022 U.S. Dist. LEXIS 202697, 2022 WL 16745767, at \*1 (S.D.N.Y. Nov. 7, 2022)*.

As a result of her proclivity to "cut-and-paste" her Complaints, Plaintiff states a number of things in her First Amended Complaint that undermine her assertion that she is truly interested in the services that Defendant provides. For example, she repeatedly refers to Defendant as a company,[2] when in reality it is, of course, a medical practice. First Amended Complaint, ¶7. Plaintiff also states that Defendant offers services on its website and goods at its physical location. First Amended Complaint, ¶¶18, 28, 35. However, no services are performed or offered on the Defendant's website, nor are goods offered at its physical location. Rather, the website is for informational purposes only. Plaintiff's First Amended Complaint also discusses "customers" (rather than patients) and "price specials and programs" offered by Defendant (none of which exist). First Amended Complaint, ¶¶4, 5, 26. It is clear from these assertions that Plaintiff had no serious interest in the plastic surgery services offered by Defendant.

In addition to failing to prove an actual injury, Plaintiff has failed to satisfy the most important component of the *Calcano* standard, that is, demonstrating a real likelihood that she will return to the website. In order to fulfill this requirement, Plaintiff must state non-conclusory, plausible factual allegations from which it can be reasonable to infer, based on the past frequency of visits and the plaintiff's articulate interest in the products or services available on the particular website, that he/she intends to return to the website. *Rendon v Berry Global Inc., 2023 US Dist LEXIS 93809 [SDNY May 30, 2023, No. 22 Civ 10420 (CM)]*. The First Amended Complaint is devoid of such allegations. Simply stating that one intends to return to a website

---

[2] Plaintiff's Memorandum of Law in Opposition to this Motion is apparently also "cut and paste" as it refers to Defendant as a "retail company", which it most certainly is not.

6

(which is all the Plaintiff herein does) has been found to be a "legal conclusion couched as a factual allegation", and not enough to survive a motion to dismiss. *Toro v Gen. Store, LLC, 2023 US Dist LEXIS 124787 [SDNY July 19, 2023, No. 1:22-cv-6130 (MKV)]*.

Crucially, Plaintiff does not submit a sworn statement in opposition to this motion, setting forth why she was interested in the services of this particular plastic surgery practice, her intent to return to the website, or whether she has received the facelift that she was allegedly seeking in the nine months that have passed since she first allegedly visited the Defendant's website. Indeed, Plaintiff does not even set forth any steps that she has taken to undergo such a procedure, such as contacting other plastic surgeons, attending consultations, etc.

Rather, her legal counsel, in his Memorandum of Law, states that Defendant is convenient to Plaintiff because it is a fifteen (15) minute drive from her home in Long Island City, Queens, and that it is difficult to find a facial plastic surgeon who is reputable and close to Plaintiff's home. This is untrue. A simple search of the website of the American Academy of Facial Plastic and Reconstructive Surgery, Inc. show that there are fifty-seven (57) facial plastic surgeons within ten miles of Plaintiff's zip code in Long Island City, Queens (11101)! Please see list, annexed as Exhibit "A" to the Reply Affirmation of David S. Feather. Of course, this only includes facial plastic surgeons who are members of the American Academy of Facial Plastic and Reconstructive Surgery. There are certainly many more competent facial plastic surgeons within a short drive of Plaintiff's residence who are not members of this organization.

The First Amended Complaint states that the Plaintiff visited the website on two occasions, just prior to the filing of this lawsuit, and twice since then (including one time after the service of Defendant's Motion to Dismiss the original Complaint). First Amended Complaint, ¶37. Numerous courts have held that two visits immediately prior to filing a lawsuit

7

are insufficient and, if anything, support a finding of implausibility. *See Dawkins v Schott NYC Corp., 2023 US Dist LEXIS 171967 [EDNY Sep. 26, 2023, No. 22-CV-3617 (PKC) (TAM)* (dismissing complaint where Plaintiff alleged two visits prior to filing); *See also Fontanez v Val. Lahvosh Baking Co., 2023 US Dist LEXIS 149437 [SDNY Aug. 22, 2023, No. 1:22-cv-5537 (MKV)]*; *See Toro v. General Store, supra.*

Finally, as is set forth in the Affirmation of David A. Hidalgo, M.D. in support of this motion, Defendant would not perform a facelift on a forty-two year-old woman under any circumstances, because that is too young. See Hidalgo Affidavit, ¶13. Thus, Plaintiff did not and could not have suffered an injury, because even if she had contacted Defendant, she would not have been able to receive the facelift that she allegedly sought from that medical practice.

## POINT III

### ALTERNATIVELY, IF THIS COURT DOES NOT DISMISS THE PLAINTIFF'S COMPLAINT IN ITS ENTIRETY, IT SHOULD ALLOW DISCOVERY ON THE STANDING ISSUE AND, IF NECESSARY, HOLD AN EVIDENTIARY HEARING

On a Rule 12(b)(1) motion, a court may resolve disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits, **and if necessary, hold an evidentiary hearing.** *Zappia Middle E. Construction Co. v. Emirate of Abu Dhabi, 214 F.3d 247, 253 (3d Cir. 2000)* (emphasis added) (affording discovery solely on the jurisdictional issue); *see also Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016) ("court may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing."); *Reiss v Societe Centrale Du Groupe Des Assurs.*

*Nationales, 246 F Supp 2d 273 [SDNY 2003]*), as amended (Feb. 25, 2003), supplemented by *Reiss v Societe Centrale Du Groupe Des Assurs. Nationales, 246 F Supp 2d 285 [SDNY 2003]*.

In a number of recent ADA website accessibility cases, Courts have expressed skepticism of a plaintiff's alleged injury, as well as a plaintiff's intent to return to the website, and have permitted a defendant to take jurisdictional discovery of the plaintiff. For example, Courts have ordered jurisdictional discovery of plaintiffs in *Tavarez v Moo Organic Chocolates, LLC, 641 F Supp 3d 76 [SDNY 2022], Maddy v Life Time, Inc., 2023 US Dist LEXIS 115503 [SDNY July 5, 2023, No. 22-cv-5007 (LJL)], Mercedes v Broadway Play Publ., Inc., 2024 US Dist LEXIS 94508 [SDNY May 28, 2024, No. 23-CV-9519 (JMF)]*, and *Martin v. City Hive Inc., 23-cv-04933 (July 19, 2024)*.[3]

Defendant herein respectfully submits that, if this Court is similarly skeptical of Plaintiff's allegations here (and for the reasons set forth in Defendants' papers in support of this motion, it is argued that it certainly should be), then the Court should allow discovery solely on the jurisdictional issue and, if necessary, hold an evidentiary hearing to resolve the disputed jurisdictional fact issues. Discovery in this limited context would include a deposition of Plaintiff and forensic examination of her computer.

## CONCLUSION

For the reasons set forth in Defendant's Papers-in-Chief in support of this motion, as well as Defendant's Reply Papers, this Court should issue an Order (a) dismissing Plaintiff's First Amended Complaint in its entirety, (b) in the alternative, dismissing the Plaintiff's First Cause of Action, and any other causes of action it concludes should be dismissed, and declining to

---

[3] The Memorandum and Order in *Martin v. City Hive, Inc.* is unpublished. A true and accurate copy of it, however, is annexed to the Affirmation of David S. Feather as Exhibit "B".

exercise supplemental jurisdiction over Plaintiff's other causes of action, and (c) granting this Defendant such other and further relief as may be deemed just and proper.

In the alternative, this Court should allow discovery on the issue of standing and, if necessary, hold an evidentiary hearing.

Respectfully submitted,

_____
David S. Feather