UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIHAL ERKAN, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>DAVID A. HIDALGO, M.D., P.C.,<br><br>Defendant. | **MEMORANDUM AND ORDER**<br>Case No. 23-CV-9553 |

*For the Plaintiffs:*
MARS KHAIMOV
Mars Khaimov Law, PLLC
100 Duffy Ave., Suite 510
Hicksville, New York 11801

*For the Defendant:*
DAVID S. FEATHER
Feather Law Firm, P.C.
666 Old Country Road, Suite 509
Garden City, New York 11530

**BLOCK, Senior District Judge:**

Plaintiff Nihal Erkan ("Plaintiff" or "Erkan") has brought this action on behalf of herself and all others similarly situated against David A. Hidalgo, M.D., P.C. ("Defendant" or "Hidalgo"), alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*, New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin Code § 8-101 *et seq.*, and New York State Civil Rights Law, N.Y. Civ. Rights Law § 40 *et seq.* Plaintiff, who is legally blind, alleges that Defendant has violated these statutes by discriminatorily maintaining a website that is inaccessible to blind and visually impaired people.

1

Defendant moves to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). For the following reasons, the Court agrees with Defendant that Plaintiff has not adequately pled facts to support a showing of standing, and that the injunctive relief request is moot. Accordingly, Defendant's motion to dismiss for lack of subject matter jurisdiction is GRANTED.

## Background

The following facts are drawn from Plaintiff's First Amended Complaint ("FAC").[1] Defendant is a New York corporation with a principal place of business in Manhattan, and maintains a website, Drdavidhidalgo.com, on which it provides information about its hours and services, chiefly aesthetic plastic surgery. FAC ¶¶ 17–18, ECF No. 14. Plaintiff, a 42-year-old woman suffering from "severe aging and loose facial skin," accessed Defendant's website to make a consultation appointment with a surgeon to discuss a facelift procedure. FAC ¶ 10.

However, Plaintiff, who is visually impaired and legally blind, encountered accessibility issues that prevented her from being able to browse the website to

---

[1] Plaintiff filed her Complaint on December 28, 2023. ECF No. 1. Following an April 18, 2024, pre-motion conference with the Court concerning Defendant's then-anticipated Motion to Dismiss, the Plaintiff filed the FAC on June 13, 2024. ECF No. 14. The FAC made minor changes from the initial Complaint. For instance, the FAC added Plaintiff's age by way of explaining her interest in learning about Defendant's practice surgery practice, *compare* FAC ¶ 10 *with* Complaint ¶ 10, and added allegations related to an accessibility widget she encountered on Defendant's website, *compare* FAC ¶ 32 *with* Complaint ¶ 32. For the reasons explained below, these small changes have not cured the standing and mootness problems Defendant has identified in the FAC.

learn more about Defendant's services. FAC ¶¶ 2, 10. In particular, Defendant's website purportedly contained access barriers such as ambiguous link texts, inaccurate alt-text on graphics, and inaccessible drop-down menus that rendered it inaccessible to visually impaired individuals, like Plaintiff, who use screen-reading software. FAC ¶ 29. Plaintiff tried to use the website on November 9, 2023, November 10, 2023, March 30, 2024, and June 1, 2024, but each time was prevented from navigating the site because of these barriers. FAC ¶ 37.

Defendant makes three chief arguments as to why the suit should be dismissed. First, Defendant argues Plaintiff lacks standing. Second, Defendant, argues the action is moot. Third, Defendant argues that even if the Court finds these justiciability requirements satisfied, Plaintiff has failed to state a claim for relief.

## Discussion

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* In resolving as 12(b)(1) motion to dismiss, the district court "may refer to evidence outside the pleadings." *Id.*

3

*Standing*

Standing is the "threshold question . . . determining the power of the court to entertain the suit." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 263 (2d Cir. 2006). The Plaintiff bears the burden of alleging facts suggesting she has standing, failing which the suit must be dismissed pursuant to Rule 12(b)(1). *See Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011). "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021).

In the ADA context, the Second Circuit has "found standing (and therefore an injury in fact) where (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer . . . that plaintiff intended to return to the subject location." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013).

Here, Defendant contends that Plaintiff has failed to satisfy the third factor of the Second Circuit's ADA standing analysis, which requires a demonstration of her intent to return. Concerning this factor, "the central inquiry is not whether a complaint pleads the magic words that a plaintiff 'intends to return,' but if, 'examined under the "totality of all relevant facts,"' the plaintiff plausibly alleges

4

'a real and immediate threat of future injury.'" *Calcano v. Swarovski N. Am. Ltd*, 36 F.4th 68, 78 (2002) (quoting *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1233 (11th Cir. 2021)).

Defendant argues that Plaintiff's assertion of an intent to return to the website is conclusory and vague, and lacks specific articulation as to why Plaintiff was interested in Defendant's particular services, as opposed to those of other plastic surgeons that might have more appropriate specialties or more nearby offices. Plaintiff responds that she has alleged with sufficient specificity her reason for visiting Defendant's website: to make a consultation appointment with a plastic surgeon about a facelift. Plaintiff also responds that she has been sufficiently specific in explaining the reason she intends to return to the website: the geographic proximity of Defendant's physical practice, which makes it an attractive location to obtain a facelift.

Concerning her reasons for visiting the website, Plaintiff's complaint alleges that she "attempted to access the Website in order to learn more information about the goods and services offered by" Defendant. FAC ¶ 10. As Defendant notes, David A. Hidalgo, M.D., P.C. is a plastic surgery practice, and its website does not offer goods for sale. The FAC proceeds to assert in conclusory fashion that Plaintiff "will visit the website again immediately upon Defendant correcting the numerous accessibility barriers on it," because "[u]sing Defendant's services for a facelift and

5

other facial aesthetic procedures would be very convenient for Plaintiff," as Defendant's practice is in Manhattan, which is accessible by taking a car ride from the separate borough of Queens, where she resides. FAC ¶ 38.

    This is too conclusory and threadbare to ground Plaintiff's standing to bring suit. Aside from the purported geographic proximity of the medical practice about which the website provides information, Plaintiff alleges no particularized reason why she visited or would return to visit the website. In *Calcano*, the Second Circuit found that plaintiffs' allegations that they had previously visited defendants' stores and intended return on account of their "'close proximity' to Defendants stores . . . fail[ed] to establish standing." 36 F.4th at 75. Rather, the Second Circuit agreed with the district court that allegations resting on proximity were "legal conclusions couched as factual allegations," and "do not raise a reasonable inference of injury." *Id.* (cleaned up).

    District courts in this circuit have likewise repeatedly dismissed similar suits for lack of standing where a plaintiff fails to articulate specific reasons beyond general geographic proximity for intending to return to a particular website or location. *See Suris v. Crutchfield New Media, LLC*, 2023 WL 3792512, at *3–4 (E.D.N.Y. June 2, 2023) (collecting cases). In short "[t]o find standing on the paltry allegations here would allow any sensory-impaired person to sit down at their computer, visit 50 websites . . . and bring 50 lawsuits. Standing requires more."

6

*Winegard v. Golftec Intellectual Prop. LLC*, 674 F. Supp. 3d 21, 25 (E.D.N.Y. 2023).

*Mootness*

Where standing analysis considers the plaintiff's stake at the start of a lawsuit, "[m]ootness doctrine determines what to do '[i]f an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation' after its initiation." *Klein v. Qlik Techs., Inc.*, 906 F.3d 215, 221 (2d Cir. 2018) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013)). "[T]o moot an ADA website accessibility complaint based on the defendant's voluntary cessation, 'the defendant [must] demonstrate that (i) there is no reasonable expectation that the alleged violation will recur and (ii) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" *Tavarez v. Extract Labs, Inc.*, No. 23-CV-9916, 2023 WL 2712537 (S.D.N.Y. Mar. 30, 2023) (quoting *Clear Channel Outdoor, Inc. v. City of New York*, 594 F.3d 94, 110 (2d Cir. 2010)).

The Defendant here argues Plaintiff's suit is moot because even if there were accessibility issues with the website—which Defendant disputes—it has taken steps to improve the site to make it still easier to navigate for visually impaired users. Defendant has provided affidavits from Brandon Shaw, the director of a web

7

design and development company that was retained by Defendant to develop and maintain its website in 2013. *See* Shaw Affidavit ¶¶ 3–5. ECF No. 16-8.

Shortly after the filing of Plaintiff's suit and at Defendant's request, Shaw audited the website for compliance with the ADA and made accessibility improvements by elaborating on the alt-text of images. *Id.* at ¶¶ 14–16. In response to Plaintiff's assertion that the website lacked prompting information to allow screen-readers to locate online forms, Shaw explained that there was only one form on the site, a "Contact Us" form. *Id.* at ¶¶ 25–25. Shaw stated that prior to this suit the form previously had placeholder text in the fields, rather than labels above the fields; now, the website has been further updated to display labels such as "Name" and "Telephone Number" above these fields. *Id.* at ¶ 26. Shaw, while disputing the contention that the website was not previously ADA-complaint, also details other tweaks made to improve the navigability of the website's menu, *see id.* at ¶¶ 33–36, and the site's use of an accessibility widget, *see id.* at ¶ 48; Shaw Affidavit, Exhibit A. Shaw also described Defendant's plan for ongoing monthly monitoring and maintenance with respect to accessibility issues. *See* Shaw Affidavit ¶ 54.

The audit and adjustments undertaken by Defendant and recounted by Shaw are sufficient to assure the Court that there is no reasonable expectation that the issues purportedly identified by Plaintiff will recur. District courts in this circuit have found likewise where Defendants have taken similar steps in cases involving

8

website accessibility. *See Diaz v. Kroger Co.*, No. 18-CV-7953, 2019 WL 2357531, at *3 (S.D.N.Y. June 4, 2019) (finding avowal by defendants that they had previously sought to comply with ADA, sought to remedy alleged barriers, and committed to ongoing monitoring sufficient to moot ADA claims); *Guglielmo v. Neb. Furniture Mart, Inc.*, No. 19-CV-11197, at *6 (S.D.N.Y. Dec. 18, 2020); *Extract Labs*, 2023 WL 2712537, at *3 (same); *Crutchfield New Media*, 2023 WL 379512, at *5 (same).

Standing and mootness are "threshold" questions of the Court's authority to adjudicate the case. *See Heldman v. Sobol*, 962 F.2d 148, 154 (2d Cir. 1992). Accordingly, the Court does not reach Defendant's motion to dismiss the suit for failure to state a claim pursuant to Rule 12(b)(6). *See Kroger*, 2019 WL 2357531, at *5 ("The Court recognizes that, in instances in which it determines that it lacks subject matter jurisdiction, the preferred course of action is to refrain from considering other arguments proffered by the movant."); *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) ("Subject matter jurisdiction is a threshold question that must be resolved before proceeding to the merits." (cleaned up)).

## Conclusion

For the foregoing reasons, Defendant's motion to dismiss the First Amended Complaint pursuant to Rule 12(b)(1) is granted.[2]

**SO ORDERED.**

                                                    _/S/ Frederic Block_
                                                    FREDERIC BLOCK
                                                    Senior United States District Judge

Brooklyn, New York
January 21, 2024

---

[2] As the Court lacks subject matter jurisdiction over Plaintiff's federal ADA claim, it declines to exercise supplemental jurisdiction over Plaintiff's remaining state and city claims. *See Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." (citations omitted)). Accordingly, those claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).